## CALEB E. NOURSE *vs.* STEPHEN POPE.

No action can be maintained against a surety upon a promissory note given in part for the price of cider sold within this commonwealth for a beverage, although such surety received from the principal a full indemnity for signing the note.

CONTRACT upon a promissory note dated April 26, 1865, for $59.90, signed by George W. Lougee and the defendant.

At the trial in the superior court, before *Rockwell,* J., without a jury, it appeared that the note was given to settle a suit commenced by the plaintiff against Lougee upon an account, one item of which was for a cask of cider sold by the plaintiff to Lougee; and that Lougee deposited $60 with the defendant to indemnify him and save him harmless for signing it. The plaintiff offered to show that his counsel agreed to take this note in settlement of that suit, if Lougee would procure the defendant's signature, which was done by the deposit of the $60; but the evidence was excluded. The cider, which was made a week or ten days before the sale of it to Lougee, was sold for a beverage.

The judge ruled that the plaintiff was not entitled to recover, and found for the defendant; and the plaintiff alleged exceptions.

*J. T. Joslin,* for the plaintiff.

*W. B. Gale,* for the defendant, cited *Commonwealth* v. *Dean,* 14 Gray, 99; Gen. Sts. *c.* 86, § 61.

BIGELOW, C. J. The defence to the note was clearly made out. A part of the consideration for which the note was given was the price of a barrel of cider, sold to be used as a beverage, which is declared by Gen. Sts. *c.* 86, § 28, to be an intoxicating liquor, and the sale of which is expressly prohibited within this

commonwealth.  The whole note is tainted with illegality, so that no action can be maintained upon it.  By § 61 of the same chapter, promissory notes " given in whole or in part for the price of liquor sold in violation of" law are expressly declared to be void against all persons having notice of the illegal consideration.  The evidence as to the terms on which the defendant was induced by his co-promisor to sign the note was wholly immaterial.  The sole inquiry was as to the consideration of the note between the plaintiff and the defendant.  Besides ; the deposit of sixty dollars in the hands of the defendant by his co-promisor was only to indemnify and save harmless the former, in case he was compelled to pay the note.  It was merely collateral security for the liability assumed by the defendant in signing the note, and not the consideration for which the note was given.                              *Exceptions overruled.*